RUSH D. SIMMONS, PLAINTIFF-RESPONDENT, v. PENN-
SYLVANIA RAILROAD COMPANY, DEFENDANT-PROSE-
CUTOR.

Submitted June term, 1923—Decided November 7, 1923.

**Negligence—Injury to Passenger as the Result of Collision—
Measure of Damages.**

On rule to show cause.

Before Justice KATZENBACH.

For the plaintiff-respondent, *James Mercer Davis.*

For the defendant-prosecutor, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

KATZENBACH, J. This case is before this court on a de-
fendant's rule to show cause. The plaintiff, on October 28th,
1921, was in the top berth of a Pullman sleeping car on a
train of the Pennsylvania Railroad Company, at Manhattan
transfer. A collision occurred between the train on which
the plaintiff was riding and another train operated by the
Pennsylvania Railroad Company, which caused Mr. Simmons
to be thrown from his birth. He received in the fall an
impacted fracture of the fourth and fifth dorsal vertebræ.
He also sustained severe nervous shock. A trained nurse
upon the train rendered first aid and the plaintiff was sent
to Washington, D. C., his residence, accompanied by the
nurse. On the day following the accident he was examined.
X-ray photographs revealed the injury to the spine. He
was then taken to the Emergency hospital in Washington.
His body, from the shoulders down to and including the
pelvis, was placed in a cast. He was at the hospital for five
weeks and then was taken to his home. In seven weeks
after it was put on, the cast was removed. At the end of

ten weeks the plaintiff was permitted to go to his office for a few minutes. The accident resulted in extreme nervousness, irritability, the stiffening of the back, and an inability to use the arm for writing. The injury caused an increased beating of the heart. The plaintiff's blood pressure was also abnormal.

At the trial of the case the defendant admitted liability and the sole question submitted to the jury was the amount of damages. The jury returned a verdict of $10,950. The expenditures of the plaintiff had been $950.

The defendant contends in the first place that the damages are excessive. Mr. Simmons, the plaintiff, was a man of fifty-eight years of age. He was chief post-office inspector in the postmaster general's office, a position of responsibility. He had previously enjoyed the best of health. The verdict, representing as it does the pain and suffering of the past and of the future and the damages due to the improbability of complete recovery, does not seem excessive.

The second ground of appeal is that the court erred in charging the jury that it could award damages for the future loss of the plaintiff's earning powers. The objection to this portion of the charge is not that it did not state the law correctly, but that Mr. Simmons had so far recovered that there was no future loss of earning power. The evidence does not sustain this contention. The seriousness of the injuries sustained, and the fact that the plaintiff was at the time of the trial still suffering from the results of the injury, makes it probable that there will be in the future a loss of earning power. The rule to show cause is discharged.